[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Accubanc Mortgage Corporation (Accubanc), brought this foreclosure action against the defendants, Darrell Conerly and Virgil Conerly, after the defendants defaulted on a note secured by a mortgage on the premises located at 71 Dora Street, Unit C, Stamford, Connecticut. The action was commenced on December 16, 1997, by service of process on both defendants.
On January 12, 1998, the defendant, Darrell Conerly, filed an application for protection from foreclosure pursuant to General Statutes § 49-31d through 49-31j.
Accubanc filed an objection to defendant Darrell Conerly's application on the grounds that the application does not comply with General Statutes § 49-31f (b). General Statutes §49-31f (b) provides: "If the residential real property which is the subject of a foreclosure action is owned by more than one person, (1) no homeowner shall be deemed an unemployed person or an underemployed person, for the purposes of sections 49-31 d to49-31i, inclusive, unless the aggregate earned income of all the homeowners of the residential real property which is the subject of such foreclosure action during the twelve-month period immediately preceding the commencement of the foreclosure action is less than fifty thousand dollars and less than seventy-five per cent of the average aggregate annual earned income during the two years immediately preceding such twelve-month period for all such homeowners and (2) all homeowners of said property other than the homeowner making application in accordance with subsection (a) shall file a financial affidavit in connection with such application. CT Page 9160
In the present case, Accubanc alleges and the defendants do not dispute, that both Darrell Conerly and Virgil Conerly are the record owners of the subject premises. No financial affidavit from Virgil Conerly, as a homeowner other than the homeowner making application under General Statutes § 49-31f (a), has been provided as required by § 49-31f (b)(2) Additionally, Darrell Conerly has not submitted evidence of the aggregate earned income of himself and Virgil Conerly for the twelve-month period immediately preceding the commencement of this foreclosure action. The court also notes that while Darrell Conerly has filed several documents that relate to a dispute with his former employer, he has not filed a financial affidavit pursuant to §49-31f (a).
Darrell Conerly's application for protection from foreclosure does not comply with the requirements of General Statutes §49-31f (a) and (b). The court, therefore, is unable to determine whether the defendant is unemployed or underemployed within the meaning of § 49-31f (b). For the foregoing reasons, Accubanc's objection is sustained and the defendant's application is denied without prejudice to the defendant to refile with evidence in accordance with § 49-31f (a) and (b) within thirty days from the date of this decision.
HICKEY, J.